UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALISON R. MASLOTT,                                                      CIV: _____

                                        Plaintiff(s),

                                                                       ***COMPLAINT***
        -against-                                                       ***JURY TRIAL DEMANDED***

FORD MOTOR COMPANY, CHRSTPHR L. AMANDOLA
a/k/a CHRISTOPHER AMANDOLA and NICHOLAS
AMANDOLA

                                        Defendant(s).
------------------------------------------------------------------------X

        Plaintiffs, by and through her attorneys, KELLY, GROSSMAN & KERRIGAN, LLP,

complaining of the Defendant, FORD MOTOR COMPANY, CHRSTPHR L. AMANDOLA a/k/a

CHRISTOPHER AMANDOLA and NICHOLAS AMANDOLA, (hereinafter referred to as the

"Defendants"), upon information and belief respectfully alleges as follows:

## I.       JURISDICTION AND VENUE

        1.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §

1332(a)(1).

        2.       Venue lies in this district pursuant to 28 U.S.C. § 1391(a)(1).

## II.      THE PARTIES

        3.      The plaintiff, ALISON MASLOTT, is a resident of the County of Suffolk, State of New

York.

        4.      Defendant, CHRSTPHR L. AMANDOLA a/k/a CHRISTOPHER AMANDOLA is a

resident of the County of Suffolk, State of New York.

5.      Defendant, NICHOLAS AMANDOLA is a resident of the County of Suffolk, State of New York.

6.      Defendant, FORD MOTOR COMPANY, is a foreign corporation.

7.      Defendant, FORD MOTOR COMPANY, is authorized to do business in the State of New York.

8.      Defendant, FORD MOTOR COMPANY, regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered in the State of New York.

9.      Defendant, FORD MOTOR COMPANY, derives substantial revenue from interstate or international commerce, and from doing business within the State of New York.

10.     By virtue of the foregoing this court has jurisdiction over the Defendant.

III.    **FIRST CAUSE OF ACTION ALLEGING PRODUCT LIABILITY AGAINST FORD MOTOR COMPANY**

11.     At all times hereinafter mentioned Plaintiff, ALISON R. MASLOTT, was operating a 2001 Ford Post Office Delivery Vehicle, (hereinafter referred to as "2001 Ford"), bearing plate number 0237472.

12.     Plaintiff, ALISON R. MASLOTT, was an authorized user of the 2001 Ford at all relevant times.

13.     At all times hereinafter mentioned, Defendant, Chrstphr L. Amandola a/k/a Christopher Amandola, was and still is the insured policyholder of a 2019 Jeep Liberty, bearing the license plate number JKL1265.

14.     At all times hereinafter mentioned, Defendant, Nicholas Amandola, was and still is the owner and/or operator of a 2019 Jeep Liberty bearing the license plate number JKL1265.

15.     At all times hereinafter mentioned, Defendant FORD MOTOR COMPANY, was and is in the business of manufacturing, assembling, distributing, and selling motor vehicles.

16.     The aforesaid 2001 Ford was manufactured, designed, tested, constructed, marked, labeled, promoted by Defendant, FORD MOTOR COMPANY.

17.     At all times hereinafter mentioned, Defendant, FORD MOTOR COMPANY, was required to design, manufacture, assemble, label and market the aforementioned 2001 in a condition that was reasonably safe for the users thereof and had an ongoing duty to timely provide proper warnings.

18.     That on or about November 13, 2020, Plaintiff, ALISON R. MASLOTT, was lawfully and property using the 2001 Ford when the defendant NICHOLAS AMANDOLA made a right turn northbound onto Larkfield Road and was to strike Plaintiff, causing Plaintiff to cross over the double yellow line, to avoid an accident and hit another vehicle, sustaining a serious personal injury.

19.     That the seatbelt of the 2001 Ford was defective and dangerous and that the defendant, FORD MOTOR COMPANY, was careless in their design, manufacture, testing, construction, marketing, labeling, training, warnings and promotion of the aforesaid 2001 Ford including failing to give adequate warnings, etc.

20.     As a result of the foregoing, plaintiff, ALISON R. MASLOTT, sustained serious and permanently disabling personal injuries, pain and suffering, mental anguish and incurred expenses for hospital and/or physical services, medication for treatment of his injuries, lost earnings, associated expenses and was incapacitated from her usual undertakings.

21.     At all times hereinafter mentioned, prior to November 13, 2020, Defendant, FORD MOTOR COMPANY, designed, manufactured, distributed, and sold the aforesaid 2001 Ford in a dangerous, defective, and hazardous manner and condition.

22.     The aforementioned 2001 Ford, which ALISON MASLOTT was occupying on November 13, 2020, was not reasonably safe for its intended use. The vehicle's components that malfunctioned could have been remedied for a nominal sum but were not remedied by Defendant, FORD MOTOR COMPANY.

23.     On or about November 13, 2020, the aforementioned 2001 Ford was defective in its design and manufacture.

24.     By reason of the foregoing, the plaintiff, ALISON MASLOTT, suffered severe injuries, while using the aforementioned 2001 Ford in the manner that was intended by the defendant, FORD MOTOR COMPANY.

25.     The aforesaid occurrence was caused by the carelessness, recklessness and wanton conduct of the defendant, FORD MOTOR COMPANY, its agents, servants, and/or employees in designing, manufacturing, and distributing a dangerous and defective motor vehicle.

26.     By reason of the foregoing, plaintiff has been damaged and is entitled to a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**IV.     SECOND CAUSE OF ACTION FOR BREACH OF WARRANTY AGAINST THE DEFENDANT, FORD MOTOR COMPANY**

27.     Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs 1-24 of this Complaint with the same force and effect as if same were fully set forth at length herein.

28.      By manufacturing, designing, testing, marketing, labeling, selling and promoting said 2001 Ford Post Office Delivery Vehicle the defendant, FORD MOTOR COMPANY, breached their implied warranties of fitness and merchantability.

29.     Prior to November 13, 2020, the defendant FORD MOTOR COMPANY, expressly and impliedly warranted and represented that the aforesaid 2001 Ford was safe, proper, merchantable, and fir for the foreseeable and intended uses for which it was designed, manufactured, assembled, inspected, tested, distributed and sold.

30.     On or about November 13, 2020, the plaintiff, ALISON MASLOTT, relied on the aforesaid warranties.

31.     The aforementioned 2001 Ford which ALISON MASLOTT was driving on November 13, 2020, was unsafe, not merchantable, and unfit for its intended uses as a motor vehicle.

32.     By reason of the foregoing, the defendant, FORD MOTOR COMPANY, its agents, servants, and/or employees, violated and breached the aforementioned warranties, in that the aforesaid 2001 Ford was unsafe, not of merchantable quality, not reasonably safe for its intended purposes as a Post Office Delivery Vehicle, defective and constituted an unreasonably dangerous instrumentality as manufactured, designed assembled, labeled, inspected, tested, sold and distributed.

33.    By reason of the foregoing the plaintiff has been damaged and is entitled to sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

V.    **THIRD CAUSE OF ACTION IN PUNITIVE DAMAGES ON BEHALF OF PLANTIFF AGAINST THE DEFENDANT, FORD MOTOR COMPANY**

34.    Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs 1-31 of this Complaint with the same force and effect as if same were fully set forth at length herein.

35.    Upon information and belief, that the defendant, FORD MOTOR COMPANY, knew or should have known of the defects in the design, manufacture, distribution and sale of the product: that the defendant FORD MOTOR COMPANY, knew of should have known these defects were causing injuries to users and those coming in contact with the product; that the defendant knew or should have known how to correct these defects in design or manufacture, distribution and sale and ways to prevent injuries to users of those coming in contact with the product; but the defendants failed to correct the said defects in design. Manufacture, distribution and sale, and failed to warn users and those coming in contact with the product of the said defects, and that the defendant's conduct in all respects was in reckless indifference to or in disregard of plaintiff's rights.

36.    That as a result thereof, the plaintiff herein was severely injured and damages as previously alleged.

VI.    **FORTH CAUSE OF ACTION: STRICT LIABILITY ON BEHALF OF PLANTIFF AGAINST THE DEFENDANT, FORD MOTOR COMPANY**

37.     Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs 1-34 of this Complaint with the same force and effect as if same were fully set forth at length herein.

38.     By virtue of the aforesaid conduct, defendant, FORD MOTOR COMPANY, has become strictly liable in tort to plaintiff to a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, as previously alleged.

**VII.    FIFTH CAUSE OF ACTION: BREACH OF EXPRESS WARRANTIES ON BEHALF OF PLANTIFF AGAINST THE DEFENDANT, FORD MOTOR COMPANY**

39.     Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs 1-36 of this Complaint with the same force and effect as if same were fully set forth at length herein.

40.     In the manufacture, distribution, sale, labeling and promotion of the said 2001 Ford Post Office Delivery Vehicle, defendant, FORD MOTOR COMPANY, breached expressed warranties which were made to the plaintiff herein.

41.     That as a result thereof, the plaintiff herein was severely injured and damages as previously alleged.

**VIII.   SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST THE DEFENDANT, NICOLAS AMENDOLA**

42.     Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs 1-39 of this Complaint with the same force and effect as if same were fully set forth at length herein.

43.   At all times hereinafter mentioned, the Defendant, Chrstphr L. Amandola a/k/a Christopher Amandola, was and still is the insured policyholder of a 2019 Jeep Liberty, bearing the license plate number JKL1265.

44.   At all times hereinafter mentioned, the Defendant, Nicholas Amandola, was and still is the owner and/or operator of a 2019 Jeep Liberty bearing the license plate number JKL1265.

45.   On or about November 13, 2020, the aforesaid motor vehicle owned and operated by defendant, NICOLAS AMENDOLA made a right turn in front of the vehicle operated by the plaintiff, ALISON R. MASLOTT.

46.   As a result of the aforesaid contact plaintiff, ALISON R. MASLOTT, was injured.

47.   That the aforesaid occurrence was caused by reason of the negligence of the Defendant without any fault of negligence on the part of the Plaintiff contributing thereto.

48.   That Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle.

49.   That by reason of the foregoing, Plaintiff, ALISON R. MASLOTT, sustained severe and permanent personal injuries.

50.   That the Plaintiff, ALISON R. MASLOTT, sustained serious injuries as defined in Subdivision d of §5102 if the Insurance Law-Recodification.

51.   That the Plaintiff, ALISON R. MASLOTT, sustained economic loss greater that basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

52.   That this action falls within one or more of the exceptions as set forth in CPLR §1602.

53.     That by reason of the foregoing, Plaintiff, ALISON R. MASLOTT, has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiffs demand judgment against the defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: West Islip, New York
        November 18, 2021

Yours, etc.,

**KELLY, GROSSMAN & KERRIGAN, LLP**

Robert Kerrigan, Esq.
*Attorneys for Plaintiff*
1248 Montauk Highway
West Islip, New York 11795
Telephone: (631) 314-4996
Facsimile: (516) 686-6771

TO:

Ford Motor Company
One American Road
Dearborn, Michigan 48126

Chrstphr L. Amandola a/k/a Christopher Amandola
12 Beacon Lane
East Northport, New York 11731

Nicholas Amandola
12 Beacon Lane
East Northport, New York 11731